UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STANLEY HARDEE,
                         Plaintiff,

      -v.-                                             9:08-CV-1385
                                                          (GLS)(GJD)
D. KIOSE; JOHN DOE, Sergeant, Franklin
Correctional Facility,
                         Defendants.

---

APPEARANCES:

**Stanley Hardee**
07-R-2800
Coxsackie Correctional Facility
Box 999
Coxsackie, NY 12051
Plaintiff *pro se*

**GARY L. SHARPE**
United Stated District Judge

# DECISION AND ORDER

## I.    Background

This action was commenced *pro se* by Plaintiff Stanley Hardee by submitting a complaint and *in forma pauperis* application. Dkt. Nos. 1, 2. By Decision and Order filed on February 9, 2009, the Court (1) denied the *in forma pauperis* application as incomplete and (2) found that Hardee's claims implicate the validity of his disciplinary conviction and sentence because he was subjected to mixed sanctions affecting both the duration and the

conditions of his confinement.[1]  *See* Dkt. No. 4 at 7.  Furthermore, the Court ruled that, since Hardee had not demonstrated that his loss of good time credits had been invalidated, the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), bars prosecution of Hardee's claims unless "Hardee is willing to forever forego a challenge to the loss of good time alleged in the complaint...." *See* Dkt. No. 4 at 7; *see also Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006). The Court afforded Hardee thirty days within which to (1) either prepay the $350.00 filing fee in full, **or** file a new, **fully completed** *in forma pauperis* application **and** (2) advise the Court in writing whether he wished to waive his due process claims challenging the loss of good time credits.  Dkt. No. 4. Hardee thereafter submitted a new *in forma pauperis* application, which, upon review, the Court granted.  *See* Dkt. No. 5. Since Hardee had not, however, advised the Court of his intention with respect to whether he intended to waive his due process claims challenging the loss of good time credits, the Court afforded Hardee thirty more days to advise the Court in writing whether he:

> (1) waives **for all times** his present and any future due process claims challenging the loss of good time credits that are the subject of this action. If Hardee chooses this option, this Court will

---

[1] Hardee received a mixed disciplinary sentence of 90 days "in the box," 90 days of lost privileges, and 90 days loss of good time.  Dkt. No. 1 at 3.

>direct service of his complaint with respect to his due process claims relating to SHU confinement and loss of privileges; **OR**
>
>(2) chooses **not** to waive his due process claims challenging the loss of good time credits. If Hardee chooses this option, the Court will dismiss his due process claims and this action **without prejudice**. Hardee may bring a new § 1983 case alleging his due process claims once he can demonstrate that the loss of good time credits has been invalidated by a state court or other tribunal.

## II.   Waiver

Hardee has now advised the Court in writing that he "no longer want[s] to challenge the loss of good time alleged in the complaint" but would like to proceed with his "conditions of confinement claims." Dkt. No. 8. Based upon this waiver, the Court dismisses all claims set forth in the complaint relating to the loss of good time credits and directs service of the complaint with respect to his conditions of confinement claims. The Court notes, however, that Hardee has named a John Doe defendant. Hardee is advised that the United States Marshals Service cannot effect service on a "John Doe" defendant. In the event that Hardee wishes to pursue this claim against this defendant, he must take reasonable steps to ascertain his/her identity. Upon learning the identity of this individual, Hardee must amend his complaint to properly name him or her as a defendant herein. If Hardee fails to ascertain the identity of any Doe defendant so as to permit the timely service of process, this action

3

will be dismissed as against that individual.

### III.   Filing fee

In his most recent submission to the Court, Hardee states that "I cant afford the filing fee as recommended." Dkt. No. 8. To the extent that Hardee is requesting a possible refund of the filing fee and/or cancellation of his future indebtedness pursuant to his prisoner authorization form, Hardee is advised that the fee cannot be refunded nor can the future indebtedness be cancelled.  Pursuant to the Prison Litigation Reform Act ("PLRA"),[2] 28 U.S.C. § 1915(b), Hardee, in seeking *in forma pauperis* status, is required to pay the full $350.00 filing fee for this action, regardless of the outcome of the action. *See*, *e.g.*, *Goins v. DeCaro*, 241 F.3d 260, 262 (2d Cir. 2001) (inmate who withdraws his appeal is not entitled to a refund of the filing fee paid or a cancellation of the remaining indebtedness); *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997) (per curiam) (plain language of the PLRA requires court to assess filing fees once matter is filed, regardless of ultimate outcome of proceeding) (citations omitted); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997) ("[B]y filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment....").

---

[2]  Pub.L. No. 104-134, 110 Stat. 1321.

Additionally, the authorization form that Hardee signed to commence this action *in forma pauperis* expressly stated that

> **I UNDERSTAND THAT BY SIGNING AND RETURNING THIS NOTICE TO THE COURT, THE ENTIRE COURT FILING FEE OF $350 WILL BE PAID IN INSTALLMENTS BY AUTOMATIC DEDUCTIONS FROM MY PRISON TRUST FUND ACCOUNT EVEN IF MY CASE IS DISMISSED**.

*See* Dkt. No. 3.

**WHEREFORE**, for the above-stated reasons, it is hereby

**ORDERED** that all claims set forth in the complaint relating to the loss of good time credits are **DISMISSED**; and it is further

**ORDERED** that upon receipt from Hardee of the documents required for service of process, the Clerk shall issue a summons and forward it, along with a copy of the complaint, to the United States Marshal for service upon the named Defendant. The Clerk shall forward a copy of the summons and Complaint by mail to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to Hardee's Complaint be filed by the Defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on the Defendants; and it is further

**ORDERED** that Hardee take reasonable steps to ascertain the identity

of the Doe defendant listed in the complaint, and, if appropriate, file a motion to amend his complaint and add such individual, by name, as a defendant to this lawsuit, and it is further

**ORDERED** that Hardee's request to stop collection of the filing fee (Dkt. No. 8) is **DENIED**, and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket.** Hardee must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Hardee is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his**

**failure to so may result in the dismissal of this action.** All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

    **ORDERED** that the Clerk shall serve a copy of this Decision and Order on Hardee.

IT IS SO ORDERED.

Dated:    May 20, 2009

                                        _____
                                        United States District Court Judge